IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHARLES ALLEN HANSCOM,

        Petitioner,

    v.

GUY HALL, Superintendent,

        Respondent.

Civil No. 05-307-AS

FINDINGS AND RECOMMENDATION

MARK BENNETT WEINTRAUB
Assistant Federal Public
Defender
151 W. 7th Avenue, Suite 510
Eugene, OR  97401

        Attorney for Petitioner

HARDY MYERS
Attorney General
LYNN DAVID LARSEN
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, OR  97301-4096

        Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION -

ASHMANSKAS, Magistrate Judge.

Petitioner, an inmate at the Twin Rivers Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Petition for Writ of Habeas Corpus should be DENIED as untimely.

## BACKGROUND

On September 13, 1985, Petitioner was convicted in Jackson County on two charges of Murder, and on June 30, 1995, he was convicted in Marion County on one charge of Supplying Contraband. The Jackson County trial judge sentenced Petitioner to consecutive terms of life imprisonment on the Murder charges, and the Marion County trial judge sentenced him to a consecutive 18-month term of imprisonment on the Supplying Contraband conviction.

Petitioner does not challenge the legality of his convictions or sentences. Instead, Petitioner alleges the State of Oregon relinquished jurisdiction over him by physically transferring him to the State of Washington, where he was housed from September 23, 1988, until March 21, 1989. Petitioner contends he was released to the State of Washington on a detainer, and that the State of Oregon illegally regained custody upon his return.

On August 24, 2001, Petitioner filed a state petition for writ of habeas corpus, which the trial judge dismissed. Petitioner appealed, but the Oregon Court of Appeals granted the

state's motion for summary affirmance, and the Oregon Supreme Court denied review.

On March 9, 2005, Petitioner filed his Petition for Writ of Habeas Corpus in this court. Petitioner alleges the State of Oregon violated his constitutional rights by illegally transporting him to the State of Washington, and then receiving him back into custody.

Respondent argues Petitioner failed to file his federal petition within the time provided by 28 U.S.C. § 2244(b). Petitioner counters that the limitation period does not apply because he is suffering ongoing illegal incarceration or, in the alternative, that the limitation period did not begin to run until he discovered the transfer was made pursuant to a detainer.

## DISCUSSION

A state prisoner in custody pursuant to a state court judgment who seeks habeas corpus relief in this court <u>must</u> bring his action pursuant to 28 U.S.C. § 2254, even when the petitioner is not challenging his underlying state court conviction. <u>White v. Lambert</u>, 370 F.3d 1002, 1009-10 (9th Cir. 2004), <u>cert. denied</u>, 543 U.S. 991 (2005). In <u>White</u>, the court specifically held "that § 2254 is the 'exclusive vehicle' for bringing a habeas petition challenging administrative decisions." <u>Shelby v. Bartlett</u>, 391 F.3d 1061, 1063 (9th Cir. 2004) (quoting <u>White</u>, 370 F.3d at 1009-10).

3 - FINDINGS AND RECOMMENDATION -

Habeas corpus actions filed pursuant to 28 U.S.C. § 2254 are subject to a limitation period described in 28 U.S.C. § 2244(d):

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . . [or]
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The one-year limitation period applies to all § 2254 federal habeas petitions filed after the statute was enacted.  Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).  The limitation applies even if the petition challenges an administrative decision rather than a state court judgment.  Shelby, 391 F.3d at 1063.  When a habeas petitioner challenges an administrative decision, § 2244(d)(1)(D) provides the date on which the limitation period begins to run.  Id.

Petitioner's argument that the § 2244(d) limitation period does not apply because he is suffering ongoing illegal

incarceration is plainly without merit.  As noted, Ninth Circuit precedent directly contradicts this theory.

Moreover, Petitioner cannot prevail upon his argument that the limitation period did not begin to run until he "discovered" the transfer was made pursuant to a detainer.  As noted, the State of Oregon transferred Petitioner to the State of Washington from September 1988 to March 1989.[1]  Petitioner contends, however, that he did not discover the factual predicate for his claim until he received a June 27, 2001, "kyte response" from a prison term analyst which stated "Washington filed their detainer with us on 6-14-85."

Petitioner was aware he was sent from Oregon to Washington, and he knew he did not attend any hearings or receive counsel prior to or after the move.  Even if Petitioner's transfer was undertaken pursuant to a detainer, which does not appear to be the case, Petitioner should have discovered the factual predicate for his claim well before the June 2001 kyte response.  Accordingly, the Petition for Writ of Habeas Corpus was not timely filed, and should be dismissed.

---

[1]While Petitioner argues the transfer was pursuant to a detainer lodged against him by the State of Washington, evidence admitted in Petitioner's state habeas action indicates overcrowding in Oregon facilities led to the transfer of Petitioner and several other inmates.

## **RECOMMENDATION**

For these reasons, the Petition for Writ of Habeas Corpus should be DENIED as untimely, and a judgment of DISMISSAL should be entered.

## **SCHEDULING ORDER**

The above Findings and Recommendation are referred to a United States District Judge for review.  Objections, if any, are due October 20, 2006.  If no objections are filed, review of the Findings and Recommendation will go under advisement that date.

A party may respond to another party's objections within 10 days after service of a copy of the objections.  If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or on the latest date for filing a response.

DATED this  5th  day of October, 2006.


        /s/ Donald C. Ashmanskas
            Donald C. Ashmanskas
            United States Magistrate Judge

6 - FINDINGS AND RECOMMENDATION -